(5 P.3d 537)

No. 82,489

STATE OF KANSAS, *Appellee*, v. JERRY MARK CALVERT, *Appellant*.

Opinion filed April 21, 2000.

*Peter Maharry*, assistant appellate defender, *Jessica R. Kunen*, chief appellate defender, and *Geary N. Gorup*, of counsel, Render Kamas, L.C., of Wichita, for appellant.

No appearance by the State.

Before KNUDSON, P.J., GREEN, J., and BUCHELE, S.J.

KNUDSON, J.: Jerry Mark Calvert appeals after a jury trial conviction for felony possession of marijuana. At trial, Calvert wanted to present proffered evidence of innocent possession. The trial court sustained the State's responsive oral motion in limine. On appeal, Calvert contends the trial court should not have granted the order; alternatively, the order was overinclusive and prevented Calvert from presenting evidence material in defense of the crime.

We affirm. Kansas does not recognize innocent possession as a legal justification or excuse to the crime of possession. Secondly, Calvert's proffer was only responsive to the State's motion in limine; consequently, the issue of whether any of the proffered evidence may have been admissible for some other reason was never raised before the trial court.

We are able to establish the factual basis for Calvert's claim of innocent possession from the testimony proffered in response to

the State's motion in limine. Calvert contends he entered his stepson's room, saw a bag of marijuana and a pipe on the bedside table, and took the items with an intent to throw them away. Later that same evening, the contraband was discovered when he was stopped for a traffic infraction.

At trial, the State called only the arresting officer as a witness. After the State rested, the prosecutor made an oral motion in limine that Calvert be precluded from presenting evidence of innocent possession as contemplated under a proposed jury instruction that had been submitted by the defendant.

The proposed jury instruction stated:

"If the defendant physically controlled the substance solely for the purpose of its disposal, such possession would not be unlawful even though he knew its nature as a controlled substance. Length of time of possession is one of the factors which may be considered when deciding whether the defendant physically handled the substance solely for disposal."

It is important to note Calvert consistently admitted possession, arguing that innocent possession should be allowed as an affirmative defense to the charge. The proposed instruction was tailored from a jury instruction approved in *People v. Cole*, 202 Cal. App. 3d 1439, 1443, 249 Cal. Rptr. 601 (1988).

The trial court, after hearing arguments, ruled:

"This court, based on the arguments presented and the proposed jury instruction and supporting case law and statutory law provided by defense counsel and also by the State, the court does not recognize the legal defense as propounded by the defendant. Subsequently [*sic*], the court does grant the State's motion in limine, *preventing the defendant from presenting the defense as set forth on the record.* Subsequently [*sic*], the court will not include the instruction as proposed to the jury." (Emphasis added.)

After the trial court's ruling, Calvert proffered testimony to protect the record in the event of an appeal. Calvert did not intimate the testimony was otherwise admissible and did not ask the court for any other ruling as to the proffered evidence.

The issues in this case are straightforward. Calvert acknowledges he knowingly possessed the marijuana. His contention is that innocent possession should be recognized as an affirmative defense; that is, it should be recognized as a legal justification or excuse.

Kansas does not statutorily recognize a defense of innocent possession except under circumstances prescribed by statute and not remotely relevant to Calvert's claim of error. See K.S.A. 1999 Supp. 65-4162(a). Our criminal code is codified and includes what are recognized as affirmative defenses of justification or excuse. As a general rule, "there can be no common-law excuse or justification, or justification or excuse based on the so-called 'unwritten law.' " 22 C.J.S., Criminal Law § 46. We hold the trial court did not err in rejecting Calvert's proposed jury instruction or the evidence proffered in support of the innocent possession defense.

Our ruling does not prevent a defendant from presenting a common-sense defense to a charge of a possessory crime. We simply do not believe the so-called innocent possession defense should be recognized in Kansas. To prove possession, the State must establish that a defendant intentionally appropriated the drug to himself or herself. See *State v. Metz*, 107 Kan. 593, 596, 193 Pac. 177 (1920). The legal necessity of an intentional appropriation adequately protects the innocent defendant from a claim of knowing possession of contraband.

Calvert also contends that the trial court's order in limine was overbroad and prohibited the introduction of testimony concerning the physical facts and circumstances concerning his possession of the marijuana. This contention is without merit. Calvert did not intimate that the proffered evidence might be admissible for another reason. The evidence was only placed on record to preserve Calvert's right to appeal under the trial court's order in limine. No further ruling was requested from the trial court, and no effort was made to introduce the evidence at trial for another purpose. Because Calvert did not make this claim before the trial court, we will not consider it on appeal. See *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998).

Affirmed.