129 P.3d 1258

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Patrick MACIAS, Defendant–Appellant.**

No. 30708.

Court of Appeals of Idaho.

Dec. 7, 2005.

Review Dismissed Feb. 22, 2006.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Patrick Macias appeals his conviction for aggravated battery, asserting that the district court erred in refusing to instruct the jury that an act is not criminal if it was the result of misfortune or accident.

Macias and the victim were at the same bar one January night, both consuming alcohol with their respective groups of friends. The victim said that he had noticed Macias, but did not know him and had not talked to or about him. According to the victim, as he was drinking from a long-necked glass bottle, he felt a tap on his shoulder. He turned, saw

Macias, and immediately stumbled backward in pain as his beer bottle was rammed into his mouth, cutting his lip and knocking out two of his teeth.

Macias tells a different story. He is a large man who stands over six feet tall and weighs approximately 500 pounds. He said that throughout the evening, he heard the victim and his party making snide comments about Macias's weight, and said that the victim intentionally bumped him when they passed each other near the restroom. Macias said that although this behavior made him wary, it didn't particularly offend him. He said that later in the evening, he heard the victim's voice behind him and saw an upraised beer bottle out of the corner of his eye. Concerned that he was about to be struck by the bottle, he turned and raised his arm in defense. He said he felt a bump against the back of his upper arm, but nothing more, and wasn't initially aware that the victim had been injured. The victim received emergency dental care. The dentist had to extract two additional teeth and had to move slowly in crafting a prosthetic to replace all four upper front teeth because the underlying bone was also broken.

■ Macias was ultimately tried for aggravated battery, Idaho Code §§ 18–903 and –907. He asked the trial court to give a jury instruction, based on I.C. § 18–201, which stated:

> All persons are capable of committing crimes, except those belonging to the following class:
>
>> Persons who committed the act or made the omission charged through misfortune or by accident when it appears that there was not evil design, intention or culpable negligence.

The trial court declined to give the instruction. Macias was found guilty by the jury. As the sole issue on appeal, Macias contends that the trial court erred in refusing to give the instruction on misfortune or accident.

■ A trial court must inform the jury on "all matters of law necessary for their information." I.C. § 19–2132(a). A requested instruction must be given if: (1) it properly states the governing law; (2) a reasonable view of at least some evidence would support the defendant's legal theory; (3) the subject of the requested instruction is not addressed adequately by other jury instructions; and (4) the requested instruction does not constitute an impermissible comment as to the evidence. *State v. Henry,* 138 Idaho 364, 367, 63 P.3d 490, 493 (Ct.App.2003). Because the propriety of a jury instruction is a question of law, on appeal we exercise free review. *State v. Avila,* 137 Idaho 410, 414, 49 P.3d 1260, 1264 (Ct.App.2002). Jury instructions are viewed as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski,* 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). To be reversible error, an instruction must mislead the jury or prejudice the defendant. *State v. Hanson,* 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App.1997).

Macias requested the instruction regarding misfortune or accident to support one of his defense theories, that although he came into physical contact with the victim, he did so without the mental element—intent or willfulness—required for the commission of a battery. The mental elements for battery are set out in I.C. § 18–903, which defines the offense in three subsections, each with its own variation of the mental element. That statute states:

> A battery is any:
>
> (a) Willful and unlawful use of force or violence upon the person of another; or
>
> (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or
>
> (c) Unlawfully and intentionally causing bodily harm to an individual.

We discussed the mental elements of this statute in some detail in *State v. Billings,* 137 Idaho 827, 830, 54 P.3d 470, 473 (Ct.App. 2002), as follows:

> As to subsection (a), the culpable state of mind is specified to be "willful." The meaning of this word is illuminated by I.C. § 18–101(1), which states: "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply *a purpose or willingness to commit*

*the act ... referred to.* It does not require any intent to violate law, or to injure another, or to acquire any advantage." (Emphasis added.) The "act referred to" in the definition of battery under subsection (a) of § 18–903 is the "use of force or violence upon the person of another." Thus, proof of a violation of subsection (a) requires a showing that the accused purposely used force or violence upon the victim's body. Although it is not necessary that the defendant know that the act is illegal or intend that it cause bodily injury, it is necessary that the defendant intend a forceful or violent contact with the other person.

As to subsections (b) and (c), the requisite culpable state of mind is intent. Idaho Code § 18–114 instructs that "[i]n every crime or public offense there must exist a union, or joint operation, of act and intent...." This intent is "not an intent to commit a crime, but is merely the intent to knowingly perform the interdicted act...." The "interdicted acts" in the definitions of battery under § 18–903(b) and (c) are, respectively, "touching or striking of another person against the will of the other" and "causing bodily harm to an individual." It follows that a conviction for violation of subsection (b) requires proof of intent to touch or strike another person, and the intent element to be proved under subsection (c) is intent to cause bodily harm to a person.

(Citations omitted.)

Applying these mental elements to the present case, the jury had to decide whether Macias willfully (purposely) used force or violence upon the victim's body, intended to touch or strike the victim, or intended to cause bodily harm to the victim. Part of Macias's defense was that although he made physical contact with the victim, believing it necessary in order to block a blow coming from the victim, he did not do so with the purpose of using force or violence on the victim or with the intent to strike or cause bodily harm to that individual. His testimony provided evidence to support this defense theory. Macias's requested instruction properly stated the law, echoing Idaho Code

§ 18–201(3) and did not constitute an impermissible comment on the evidence. Therefore, it would have been appropriate for the trial court to give the instruction that Macias requested.

■ Nevertheless, we find no reversible error in its omission because, as noted above, a trial court is not required to give a requested instruction, even one that is a correct statement of the law, if the subject matter is sufficiently covered by instructions actually given to the jury. *State v. Ward,* 135 Idaho 400, 402, 17 P.3d 901, 903 (Ct.App.2001); *State v. Patterson,* 126 Idaho 227, 230, 880 P.2d 257, 260 (Ct.App.1994); *State v. Koho,* 91 Idaho 450, 454, 423 P.2d 1004, 1008 (1967). Three instructions that the trial court gave were sufficient to instruct the jury on the required state of mind for battery. First, the elements instruction defining battery told the jury that "[a] 'battery' is committed when a person: (1) willfully and unlawfully uses force or violence upon the person of another; or (2) actually, intentionally and unlawfully touches or strikes another person against the will of the other; or (3) unlawfully and intentionally causes bodily harm to an individual." A second instruction stated that "[a]n act is 'wilful' or done 'wilfully' when done on purpose. One can act willfully without intending to violate the law, to injure another, or to acquire any advantage." The third instructed, in part: "In every crime or public offense there must exist a union or joint operation of act and intent." Taken together, these instructions told the jury that in order to find Macias guilty of aggravated battery, the jury must find that he willfully used force or violence on the victim or intentionally struck him, or intentionally caused the victim to suffer bodily harm. These instructions sufficiently notified the jury that Macias could not be found guilty for acts committed through misfortune or accident. Macias could, consistent with the given instructions, argue his theory of the case. Although it may have been preferable for the court to give the requested instruction based upon I.C. § 18–201(3), that instruction was not essential to give the jury the required legal framework. Therefore it was not reversible

error for the court to decline the instruction requested by Macias.

The judgment of conviction is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.