145 P.3d 917

STATE of Idaho, Plaintiff–Respondent,

v.

Larry Verl DOLSBY, Defendant–Appellant.

No. 31636.

Court of Appeals of Idaho.

June 2, 2006.

Review Denied Sept. 13, 2006.

Arment Law Offices, McCall, for appellant. Kenneth R. Arment argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

GUTIERREZ, Judge.

Larry Verl Dolsby appeals from the judgment entered upon his conditional guilty plea to unlawful possession of a firearm while reserving the right to appeal the district court's denial of his motion to present evi-

dence on the defense of misfortune. We affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

Dolsby was arrested near Lake Fork, Idaho for, among other charges, being a felon in possession of a firearm, I.C. 18–3316. At the time of his arrest, Dolsby had a criminal record containing felony convictions but he was no longer on parole or probation. At the time of his arrest, Dolsby was carrying a muzzle loader as he was hunting for elk. Dolsby believed he could lawfully hunt with a muzzle loader because, when he was previously charged with unlawful possession of a firearm, law enforcement officials who confiscated the other rifles and guns from his home did not take the muzzle loader.

Prior to trial, Dolsby filed a motion to allow presentation of evidence and argument at trial, and to submit a jury instruction, on the defense of misfortune as defined by I.C. § 18–201(3). Dolsby filed a memorandum in support of his motion, which asserted the following proof:

1. Firearms Advisement signed by the Defendant on July 10, 1999 from the State of Idaho, Department of Corrections (a photocopy of the same is attached and incorporated herein by reference as "Exhibit A");

2. Testimony of the Defendant and others that on his prior arrest for felony possession of firearms, out of a cache of weapons, law enforcement officials left behind the muzzle loader in question, along with a bow;

3. Testimony from the Defendant and others that he was advised by judicial and law enforcement offices [sic] that he could legally hunt with a muzzle loader;

4. Portions of Title 18, United States Code as amended in 1998, which defines the tem [sic] "firearms" as not including antique weapons, such as the muzzle loader owned, used and possessed by the Defendant at the time of the incident for which he is being charged; and

5. Testimony and documents of the Defendant's State issued hunting license and muzzle loader elk tag.

Dolsby argued that this evidence supported his defense of misfortune because (1) state officials incorrectly advised Dolsby that the muzzle loader was not a "firearm" by legal definition; (2) the muzzle loader was left in Dolsby's possession when other weapons were seized prior to his arrest; (3) law enforcement and judicial officials advised Dolsby that hunting with a muzzle loader was legal; and (4) Dolsby obtained a hunting license and elk tag from the state. Dolsby asserted that he would not have gone hunting with the muzzle loader had he been advised that it was illegal. Dolsby argued that the proffered evidence would support a jury finding in Dolsby's favor on the basis of the defense of misfortune.

After a hearing, the district court denied Dolsby's motion to allow evidence on the defense of misfortune. Dolsby then entered a conditional guilty plea, reserving the right to appeal the district court's order denying his motion. The district court accepted Dolsby's plea, entered a judgment of conviction, and suspended Dolsby's sentence. Dolsby appeals.

## II.

## ANALYSIS

■ Dolsby asserts that the district court abused its discretion by denying his motion to present evidence at trial on the defense of misfortune. According to Dolsby, the denial of his motion resulted in a violation of his right to present a statutory defense.

Idaho has codified the defense of misfortune or accident but, until recently, Idaho appellate courts have not been presented with the opportunity to interpret the statute. *See State v. Macias,* 142 Idaho 509, 129 P.3d 1258 (Ct.App.2005) (determining misfortune or accident defense jury instruction proper but not required in a battery prosecution where the jury was already instructed on the requisite state of mind element). Idaho Code Section 18–201 states that "[a]ll persons are capable of committing crimes except . . . [p]ersons who committed the act or made

the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence."[1] The California Court of Appeals has provided the following analysis in regard to this defense:

> When a defense is one that negates proof of an element of the charged offense, the defendant need only raise a reasonable doubt of the existence of that fact. This is so because the defense goes directly to guilt or innocence. The trial court is required to instruct the jury on which party has the burden of proof and on the nature of that burden. The accident defense is a claim that the defendant acted without forming the mental state necessary to make his actions a crime.

*People v. Gonzales,* 74 Cal.App.4th 382, 390, 88 Cal.Rptr.2d 111 (Cal.App.1999) (citations omitted). As noted by legal scholars, statutes creating the defense of accident or misfortune arguably have no practical function in modern jurisprudence:

> To say that it is a defense that the criminal conduct or omission was committed by a non-negligent accident, is simply to say that all result element offenses require at least proof of negligence as to causing the prohibited result. This is already made clear by the culpability requirements of specific offense definitions and in some cases by general provisions that read in a culpability requirement where none is specified.
>
> . . . .
>
> Where a special defense of accident or misfortune is provided the burden of production for the defense is commonly on the defendant. The burden of persuasion is nearly always on the state, beyond a reasonable doubt.

PAUL H. ROBINSON, ET. AL., CRIMINAL LAW DEFENSES, 1 CRIM. L. DEF. § 63 (2005–06). The defendant may present evidence to create a reasonable doubt in the minds of jurors as to whether the defendant acted with criminal intent. Whether a defendant may present evidence of misfortune and whether the defendant is entitled to a jury instruction on this defense depends on whether the defendant proffers evidence of an accident that would relieve him of criminal liability under the defined offense. In our case, the evidence proffered by Dolsby must therefore support a theory of accident or misfortune that would relieve him from liability for possession of a firearm for lack of the requisite mental state.

▊ The mental state that is required for the commission of a particular offense is determined by the language of the statute defining that offense. *State v. Broadhead,* 139 Idaho 663, 666, 84 P.3d 599, 602 (Ct.App. 2004). Whether criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intent with which the act is done, or the lack of any criminal intent in the premises, is immaterial. *State v. Prather,* 135 Idaho 770, 774, 25 P.3d 83, 87 (2001).

Dolsby entered a conditional guilty plea to unlawful possession of a firearm pursuant to I.C. § 18–3316(1), which states, in relevant part, "[a] person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony...." Idaho Code Section 18–3316(3) defines "firearm" for the purposes of this statute as "any weapon from which a shot, projectile or other object may be discharged by force of combustion, explosive, gas

---

1. Black's Law Dictionary has defined misfortune as "[a]n adverse event, calamity, or evil fortune, arising by accident (or without the will or concurrence of him who suffers from it), and not to be foreseen or guarded against by care or prudence." BLACK'S LAW DICTIONARY 6TH ED. The eighth edition of Black's Law Dictionary has omitted the term "misfortune" altogether. Further, a search of case law reveals that the defense is rarely referred to as one of misfortune and may now simply be the defense of accident. An "accident," as defined by Black's Law Dictionary, is either "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated," or "[a]n unforeseen and injurious occurrence not attributable to mistake, negligence, neglect, or misconduct." BLACK'S LAW DICTIONARY 8TH ED.

and/or mechanical means, whether operable or inoperable."

■ The language of I.C. § 18–3316(1) does not expressly require the state to prove a particular type of intent to establish a violation of the statute. In this circumstance, where a criminal statute does not express a particular mental state, or specific intent, as an element of the crime, then the offense only requires general intent on the part of the perpetrator. *See State v. Fox,* 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). Idaho Code Section 18–114 requires that for every crime "there must exist a union or joint operation, of act and intent, or criminal negligence." The intent required by I.C. § 18–114 is not the intent to commit a crime but is merely the intent to knowingly perform the interdicted act or by criminal negligence the failure to perform the required act. *Id.* Therefore, a violation of I.C. § 18–3316(1) requires no specific intent. It only requires general intent, namely, that a convicted felon knowingly possessed a firearm, not that he or she intended to commit a crime. *See Fox,* 124 Idaho at 926, 866 P.2d at 183.

■ Here, Dolsby does not assert that he did not know that a muzzle loader was, in fact, a firearm. His argument rests on the fact that he thought the muzzle loader was not *legally* considered a firearm. As the state notes, Dolsby's defense of misfortune is actually a defense of ignorance of the law. Ignorance of the law is not a valid defense. *Fox,* 124 Idaho at 926, 866 P.2d at 183. Ignorance of a statutory definition is, therefore, insufficient to assert the defense of misfortune, even where such ignorance is the result of an unfortunate situation. Regardless of whether Dolsby intended to violate the law, he still had the intent to possess the muzzle loader.

A similar result was reached in *State v. Suter,* 346 N.W.2d 372 (Minn.App.1984), where the Court of Appeals of Minnesota addressed the defense of accident. Suter was prosecuted for killing an anterless deer without a permit. Suter entered the woods with a valid deer license intending to hunt deer. Suter fired a shot, intending to kill a buck, but instead shot an anterless deer. The Court of Appeals of Minnesota determined that absent evidence of an accidental discharge from a gun, the killing of an anterless deer without the appropriate permit subjected Suter to criminal liability. The statute which Suter had violated made the act of killing an anterless deer criminal, regardless of intent, knowledge or motive of the defendant. As the act of discharging the gun was all that was required, the fact that Suter had intended to discharge the gun was all that was necessary to hold him criminally liable. It was not necessary for the state to prove that Suter intended to kill an anterless deer.

Likewise here, the act of knowingly possessing the firearm is all that the state is required to prove. The fact that Dolsby knowingly possessed the muzzle loader, regardless of his good intention, was all that was necessary to sustain a conviction. Dolsby did not provide evidence that he accidentally possessed the muzzle loader and that he did not intend to have it in his possession. The district court therefore did not err in denying Dolsby's motion to present evidence of and a jury instruction on the defense of misfortune.

## III.

## CONCLUSION

Because the proffered evidence did not yield facts establishing the defense of misfortune or accident, we conclude that it was not error for the district court to disallow such evidence at trial and to refuse a jury instruction on that defense. Accordingly, the judgment of conviction for unlawful possession of a firearm is affirmed.

Chief Judge PERRY and Judge LANSING concur.