## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38918

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 573 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TROY DWAYNE PAYNE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Troy Dwayne Payne appeals from his judgment of conviction for possession of methamphetamine. Payne asserts that the court erred by preventing him from presenting his defense.

## I.

## BACKGROUND

On April 6, 2009, without any prior notice, Payne went to the home of a law enforcement officer and handed the officer a small container filled with methamphetamine. According to Payne's subsequent trial testimony, the officer agreed to allow him to turn in the methamphetamine "without any repercussions" and "with no strings attached." However, the officer testified that he told Payne only that the officer would not pursue charges if Payne entered drug rehabilitation treatment and provided information to the police, presumably regarding the source of the drugs. Payne refused to cooperate with the police, however, and was eventually

1

charged with possession of a controlled substance, I.C. § 37-2732(c)(1), for possessing the methamphetamine that he gave to the officer.

Shortly after the jury was empaneled, the State notified the court that it anticipated that Payne would testify regarding his motive for possessing methamphetamine, and the State orally moved to preclude such testimony on grounds of irrelevance. Defense counsel confirmed that Payne planned to present a defense that he did not intend to possess the methamphetamine. Defense counsel said that Payne would testify about his motive and intent in order to demonstrate that he possessed the methamphetamine for the sole purpose of delivering it to the police. The district court repeatedly declined to rule on the State's motion regarding the admissibility of such testimony, preferring to wait until Payne testified. Payne ultimately was allowed to testify that an acquaintance tossed the container into his car, and that in an effort to "do the right thing" he took it to the police as soon as he realized that it contained drugs. The jury returned a guilty verdict and Payne appeals, contending that the district court erroneously prevented him from presenting a defense that he lacked the requisite intent for the offense.

## II.

## ANALYSIS

Payne asserts that the district court erred by denying him the opportunity to give testimony regarding his intent, thereby preventing him from presenting his defense to the charge. We conclude that Payne has not shown error in this regard because the court did not preclude him from testifying about his motive or intent. During the initial hearing on the State's motion to exclude testimony about Payne's intent or motive, the court informed the parties:

> . . . I'm not going to make a ruling right now. So in the event that you want to submit, either verbally or in writing, some authority on it, if the--I will say, preliminarily, that I tend to agree with the State that motive is not an element of the crime nor a defense to the crime. Although, I can imagine circumstances where--I guess one being, law enforcement having possession is not a crime. So I guess I'm going to wait and hear.
> . . . .
> . . . I'm not making up my mind. I'm just saying that what if someone finds a package of illegal drugs in a--
> . . . .
> --the entryway to an elementary school? Just to make up wild hypotheticals. And so what they do is they pick it up so they can give it to the cops, and they get arrested on the way to the cops. I don't know if that's a defense or not.

2

So that's, I guess, worth listening to the discussion on and maybe not until we get we get to the point of knowing whether or not the defendant is going to testify.

The following morning, before the parties made opening statements, the State renewed its motion. The defense represented that Payne would testify that another individual had given him the methamphetamine "without his consent," that Payne took it immediately to the officer when he realized what it was, and that Payne "did not intend to possess" it, but merely "intended to do what citizens are supposed to do with contraband, which is to get it to law enforcement as soon as possible so it can be properly destroyed." The court again declined to rule on the State's motion, and stated, "I will entertain any suggested additional jury instructions beyond that that I've prepared. Because what I'm hearing from both [the] State and the defense is it really is a question of intent." The State renewed the motion a third time after resting its case. Without citing any authority, defense counsel argued that a person is entitled to possess illegal substances if they do so in an effort to aid law enforcement. However, the court rejected such a defense, stating, "if that is your defense, you're going to have to convince a higher court than this one that it's a proper defense." In response to the State's request for clarification on the court's ruling as to whether Payne could testify about his motive or intent, the court stated, "There's a difference between testifying as to what went on and as to his motives. I guess I'll have to listen as the case proceeds, but my inclination is to say that motive typically is not a defense to possession. I don't know what else to say."

Defense counsel appeared to believe that the State's motion had been granted. During the State's cross-examination of Payne, the prosecutor asked whether Payne's "intention was to possess the black container." Defense counsel objected, stating, "Your Honor, there was a previous motion made by the State to exclude intent evidence. I think that--as I understood the court's ruling, it was granted, and what's sauce for the goose is sauce for the gander. If I can't ask it, he can't either." The district court overruled the objection, but did not correct defense counsel's perception that the motion had been granted.

On appeal, Payne asserts that the district court erroneously rejected his testimony about his motive and thereby prevented him from presenting a defense "that he did not possess the requisite intent and that he was acting in a noncriminal way to turn in the methamphetamine to police." We disagree. The trial transcript shows that the district court never definitively ruled

3

that Payne's testimony about his intent or motive would be excluded. Even if the district court's statements that it was "inclined" to agree with the State could be deemed an implicit ruling that motive and intent were irrelevant, and thus inadmissible, Payne has not shown reversible error because motive is not typically relevant to a charge of possession of a controlled substance and because Payne ultimately was allowed to testify to his motive and intent.

Payne asserts that "intent" is relevant to a charge of possession in violation of Idaho Code § 37-2732(c)(1) because Idaho Code § 18-114 states, "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." Accordingly, Payne asserts, he should have been allowed to present "specific testimony about his intentions." In making this argument, Payne conflates motive, specific intent, and general intent. Motive is that which leads or tempts the mind to indulge in a particular act, and is generally not considered an essential element of any crime, unless made so by statute. *State v. Stevens*, 93 Idaho 48, 53, 454 P.2d 945, 950 (1969). Motive is distinguishable from intent, which can refer either to general or specific intent. *See id.* "A general criminal intent requirement is satisfied if it is shown that the defendant knowingly performed the proscribed acts, but a specific intent requirement refers to that state of mind which in part defines the crime and is an element thereof." *State v. Gowin*, 97 Idaho 766, 767-68, 554 P.2d 944, 945-46 (1976) (internal citation omitted). "In other words, specific intent requires not only the doing of an act, but the performance of that act with the intent to cause the proscribed result." *State v. Rolon*, 146 Idaho 684, 691, 201 P.3d 657, 664 (Ct. App. 2008). *See also State v. Young*, 138 Idaho 370, 377, 64 P.3d 296, 303 (2002) ("Specific intent is a special mental element which is required above and beyond any mental state required with respect to the actus reus of the completed crime."). The crime of possession is a general intent crime. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993); *State v. Dolsby*, 143 Idaho 352, 355, 145 P.3d 917, 920 (Ct. App. 2006). As such, the only *mens rea* requirement is that the person know that he or she is in possession of the substance.[1] *Fox*, 124 Idaho at 926, 866 P.2d at 183. The intent required by Section 18-114 is "not the intent to commit a crime, but is merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act." *Fox*, 124 Idaho at 926,

---

[1] Of course, such knowledge includes a knowledge of the nature of the substance possessed. Here, it is undisputed that Payne knew, or reasonably believed, that the substance was methamphetamine.

4

866 P.2d at 183; *State v. Parish*, 79 Idaho 75, 78, 310 P.2d 1082, 1083 (1957); *State v. Taylor*, 59 Idaho 724, 738, 87 P.2d 454, 460 (1939). Therefore, in a possession case, Section 18-114 does not make relevant any mental state other than the defendant's knowledge that he or she possesses the substance, and a person's motives or intentions about what he or she will do with a controlled substance are typically not relevant.

We acknowledge that several other jurisdictions have recognized an affirmative defense of "innocent possession" or "temporary possession" in which a person who possesses illegal contraband may escape liability when the contraband was obtained innocently and held with no illicit purpose, and the possession was fleeting because the person took reasonable, prompt, and adequate steps either to abandon or destroy the contraband or deliver it to the authorities. *See, e.g.*, *United States v. Johnson*, 459 F.3d 990, 993 (9th Cir. 2006); *People v. Hurtado*, 54 Cal. Rptr. 2d 853, 855-56 (Cal. Ct. App. 1996); *Logan v. United States*, 402 A.2d 822, 825 (D.C. 1979); *Commonwealth v. Adkins*, 331 S.W.3d 260, 263-64 (Ky. 2011); *People v. Dupree*, 788 N.W.2d 399, 409 (Mich. 2010); *People v. Williams*, 409 N.E.2d 1372, 1373 (N.Y. 1980); *State v. Miller*, 193 P.3d 92, 97 (Utah 2008). *See also United States v. Baker*, 523 F.3d 1141 (10th Cir. 2008). *But see State v. Calvert*, 5 P.3d 537, 538 (Kan. Ct. App. 2000) (innocent possession defense not recognized because it is encapsulated by the affirmative defense of justification or excuse); *In re Welfare of S.J.J.*, 755 N.W.2d 316, 318-19 (Minn. Ct. App. 2008) (collecting cases that say there is no innocent or temporary defense for the crime of a felon in possession of a firearm for policy reasons). However, Payne has never adequately asserted such a defense. This defense has never been adopted or rejected by an Idaho appellate court, and Payne never referred the district court to the line of authority from other jurisdictions nor requested a jury instruction on the defense. Despite repeated requests from the district court, the defense cited no authority but merely made conclusory assertions that Payne "did not intend to possess [the methamphetamine] at any time" because "[h]e intended to do what citizens are supposed to do with contraband which is to get it to law enforcement as soon as possible so it can be properly destroyed." Even on appeal, Payne has not cited authority from any jurisdiction supporting an "innocent possession" or "temporary possession" defense. A claim of error that is not supported by argument or authority is waived. *State v. Zichko* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999).

5

On appeal, Payne asserts for the first time a defense of "misfortune or accident" based on Idaho Code § 18-201(3), which provides: "All persons are capable of committing crimes, except those belonging to the following classes: . . . . Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence." In *Dolsby*, 143 Idaho at 354, 145 P.3d at 919, we stated, "Whether a defendant may present evidence of misfortune and whether the defendant is entitled to a jury instruction on this defense depends on whether the defendant proffers evidence of an accident that would relieve him of criminal liability under the defined offense." Here, the State readily acknowledges that "circumstances such as that alleged by Payne, where an otherwise innocent person accidentally or unintentionally acquires possession of a controlled substance he or she does not want, falls within this statute." However, in the district court defense counsel never referred to this statute or to a "misfortune or accident defense" and did not request any jury instruction based on the statute. Because Payne did not raise a defense of accident or misfortune at trial, nor refer to this statute, the issue is not preserved for appeal and we do not address it. *State v. Perry*, 150 Idaho 209, 224-25, 245 P.3d 961, 976-77 (2010).

Even if Payne's proffers were deemed sufficient to raise the affirmative defenses discussed above, and even if the district court's ruminations at the various hearings on this issue could be viewed as an erroneous ruling that Payne's testimony regarding his motive and intent would be inadmissible, the asserted error would be harmless because Payne's testimony on this subject was not ultimately excluded. An error is harmless, not necessitating reversal, if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* at 227, 245 P.3d at 979; *State v. Watkins*, 152 Idaho 764, 766, 274 P.3d 1279, 1281 (Ct. App. 2012).

Here, despite the district court's stated inclinations to deem the testimony inadmissible, Payne was actually permitted to explain how the methamphetamine allegedly came into his possession and his intent to deliver it to law enforcement. He testified that an acquaintance threw a black object into his car which he believed contained methamphetamine and after he discovered that it contained drugs, he immediately "tried to do the right thing" by turning it over to an officer who lived nearby. He also testified, "I wasn't sure what to do. And I just put my faith in the law." Over the State's relevance objection, he was permitted to testify that he discussed the matter with the officer as follows: "I asked him if I just wanted to get the drugs off

6

the street, would I be able to give them to him without any repercussions. . . . And then he said, 'Yes, you can.'" Payne was thus allowed to testify to the very facts that the defense had outlined in its proffer. Additionally, during closing arguments, defense counsel presented extensive arguments, without objection, that as soon as Payne discovered that he possessed narcotics, he attempted to do the right thing and that he did not have the intent to possess them because his only intent was to turn them over to the police. The district court repeatedly invited defense counsel to submit proposed instructions to support his defense theory and to provide the court with supporting case law, but defense counsel declined to do so. It is thus apparent that the district court did not prevent any presentation of a defense by Payne; Payne was allowed to testify about how he came into possession of the methamphetamine and about his intent or motive to deliver it to law enforcement, and the district court did not reject any jury instruction regarding the claimed defense inasmuch as Payne never requested one. Any error in the district court's statements regarding the relevance or admissibility of Payne's testimony was therefore harmless.

Because Payne has not demonstrated any reversible error, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**