# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41824

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 12S** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 13, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KELSEY ROSE HOPKINS,** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| **Defendant-Appellant.** | ) | **DATED MARCH 12, 2015** |
| | ) | **IS HEREBY WITHDRAWN** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge; Hon. Theresa Gardunia, Magistrate.

Order of the district court, on intermediate appeal, affirming magistrate's judgment of conviction, <u>reversed</u>, and <u>case remanded</u>.

Alan E. Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Public Defender, Boise, for appellant. Heidi M. Johnson argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

SCHROEDER, Judge Pro Tem

Kelsey Rose Hopkins was charged with malicious injury to property for her conduct resulting in damage to a courtroom wall. She admits that she angrily left the courtroom and forcefully pushed a door, but has continuously argued that she did not intend to damage the door or wall. At trial she requested a jury instruction stating that accidentally damaging property would not amount to malicious injury. The court denied her request and she was convicted. She appealed to the district court which affirmed the conviction. She then filed this appeal from the decision of the district court.

1

# I.

## BACKGROUND

Hopkins was charged with malicious injury to property in violation of Idaho Code § 18-7001, for conduct she engaged in during her younger brother's juvenile court proceeding. The State presented evidence that Hopkins became very upset after her brother was sentenced. She yelled an expletive and walked out of the courtroom.[1] On her way out, she pushed a courtroom door so forcefully that the doorstop struck the wall, going through the drywall and creating a soccer-ball-sized hole in the wall.

A law enforcement officer interviewed Hopkins at her home and testified that Hopkins apologized for "what she did." She explained that she was upset because she had misunderstood the proceedings and did not intend to put a hole in the wall.

At the close of the State's case-in-chief, Hopkins requested a ruling on a proposed jury instruction, explaining that the instruction was consistent with her theory of the case. She intended to argue that she neither intended any injury to the wall, nor intended any wrongful act. The proposed jury instruction explained that a person cannot be held criminally liable for a mistake or accident.[2] The State objected, maintaining that the damage was not caused by a mistake, because Hopkins' forceful opening of the door was intentional. The magistrate court ruled that there was insufficient evidence to require giving the instruction at that time and reserved the right to reconsider the ruling after Hopkins' case.

Hopkins testified at the trial and admitted that she caused the damage. She testified that she did not intend to cause any damage to the courtroom, stating that she was very upset and was trying to leave the courtroom because she was going to cry and does "not like crying in front of people." She asserted that she was unaware that there was a hole in the wall until after the officer interviewed her at her home. She apologized to the officer and asked what could be done to ameliorate the situation.

---

[1] Some witnesses contend that Hopkins proclaimed her intention to break her brother out of jail, but Hopkins disputes that contention.

[2] Idaho Code section 18-201 states: "Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence" are not "persons . . . capable of committing crimes."

After the defense rested, the trial court denied the request to give the accident instruction. As to the mental element of the offense, the court instructed the jury that in order to convict it would have to find that Hopkins acted "maliciously" and explained that "maliciously was defined as 'the desire to annoy or injure another, or the intent to do a wrongful act.'"

The State argued to the jury that the act was done maliciously for two reasons. First, it argued that Hopkins acted with the intent to annoy certain court officials: "[s]he was making a statement. She wanted to make clear that she did not approve; that she didn't like what was happening to her brother." Second, it argued that Hopkins intended a wrongful act when she angrily "opened the door, and it struck the wall." The State further contended that the damage was not the result of an accident because it was the foreseeable result of forcefully opening the door.

Hopkins conceded that she opened the door angrily, but denied any intent to cause damage to the wall. She also argued that her actions could not have been undertaken with the intent to annoy because the sentencing judge, the person with whom she was upset, had left the room before she opened the door.

The jury returned a guilty verdict. The court explained its view of the case at sentencing:

> I don't believe that you purposely put a hole in the wall of the courthouse. You purposely hit the door and perhaps didn't realize how hard you hit it, but after hearing the evidence at the trial I don't believe that that was what you intended to come out of it.

Thereafter, the court ordered Hopkins to attend anger management, complete forty hours of community service, and pay restitution and fees.

Hopkins appealed to the district court. She argued that the trial court erred by failing to instruct the jury regarding a mistake or accident defense and that the jury's verdict was not supported by sufficient evidence. The district court rejected both of the arguments. As to the jury instruction, the court held that Hopkins did not present any facts that would support a finding of accident or mistake because her contact with the door was intentional. As to the sufficiency claim, the court ruled that a reasonable jury could infer malicious intent from Hopkins' statements and conduct. Hopkins appeals the district court decision.

Hopkins reiterates her arguments that there was not substantial evidence that she acted maliciously and that the court erred by failing to give a requested jury instruction. She contends that the requested instruction was required because the issue was not adequately addressed by

3

other jury instructions. In her view the accident defense amounts to an argument that Hopkins "acted without forming the mental state necessary to commit the crime." She concedes that the court defined "maliciously," but argues that "there was no instruction given with regards to the required intent."

As to the sufficiency of the evidence, Hopkins cites *State v. Nastoff*, 124 Idaho 667, 668, 862 P.2d 1089, 1090 (Ct. App. 1993), for the proposition that the State was required to prove that she intended to injure the property and contends that there is insufficient evidence of that intent.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, the standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

Hopkins raises two claims of error. She claims that the court erred by not giving an instruction excluding conviction for an accident or mistake. She maintains that such an instruction was necessary because the State failed to prove that she intended to damage or destroy state property.

A.    **The Jury's Verdict Is Supported by Substantial Evidence**

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.

4

App. 1991).  This Court will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  The Court will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.  Moreover, "direct evidence of intent is not required."  *State v. Mitchell*, 146 Idaho 378, 384, 195 P.3d 737, 743 (Ct. App. 2008).  Intent may be inferred from "circumstantial evidence" including "the defendant's acts and conduct."  *Id*.

The State showed that Hopkins was very upset, and Hopkins admitted that fact.  Consistent with that emotional state, the State adduced evidence that Hopkins yelled an expletive in court and then forcefully maneuvered the door.  Considering the evidence in the light most favorable to prosecution, a reasonable jury could have inferred that Hopkins did intend to put a hole in the wall.

**B.**     **The District Court Erred by Failing to Require the Trial Court to Give the Requested Instruction**

Whether the jury has been properly instructed is a question of law over which this Court exercises free review.  *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009).

> Each party is entitled to request the delivery of specific instructions.  However, such instructions will only be given if they are "correct and pertinent."  A proposed instruction is not "correct and pertinent" if it is:  (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) "not supported by the facts of the case."

*Id*. (internal citations omitted).

An error in jury instructions only constitutes reversible error when the instruction misled the jury or prejudiced the party challenging the instruction.  *Id.*; *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998).  Accordingly, the question is whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law.  *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

1. **Idaho Code section 18-201 codifies the mistake or accident defense, but the corresponding instruction need only be given when mistake or accident is a defense to the charged conduct and that defense is not adequately covered by other instructions**

Idaho Code section 18-201 codifies the defense of mistake or accident. *State v. Dolsby*, 143 Idaho 352, 353, 145 P.3d 917, 918 (Ct. App. 2006). In relevant portion, the statute provides:

> Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence.

I.C. § 18-201. Generally, proof of mistake or accident need not be raised as a separate defense because it usually amounts to nothing more than a challenge to the State's proof of the *mens rea* element of the offense. *Dolsby*, 143 Idaho at 354, 145 P.3d at 919; *see also State v. Ortega*, 157 Idaho 782, 789, 339 P.3d 1186, 1193 (Ct. App. 2014) (holding that a separate jury instruction was not required where a "reasonable parenting defense" amounted to no more than an argument that the State had failed to prove the *mens rea* element of the injury to a child charge). Because a defendant may challenge the State's ability to prove the elements of an offense without a specialized jury instruction, the specialized instruction frequently need not be given. *Ortega*, 157 Idaho at 789, 339 P.3d at 1193; *State v. Macias*, 142 Idaho 509, 511, 129 P.3d 1258, 1260 (Ct. App. 2005).

For example, in *Macias*, the defendant was charged with aggravated battery. He requested a jury instruction stating that one is not criminally liable for accidents or misfortune. This Court ruled that "it would have been appropriate for the trial court to give the instruction that Macias requested" because Macias presented evidence that "although he made physical contact with the victim, believing it necessary in order to block a blow coming from the victim, he did not do so with the purpose of using force or violence on the victim or with the intent to strike or cause bodily harm to that individual." *Id*. at 511, 129 P.3d at 1260. However, the court also ruled that the failure to give the instruction did not amount to reversible error. In *Macias*, the court gave an instruction describing the mental element of aggravated battery. This Court ruled that the general *mens rea* instruction "sufficiently covered the issue" because a mistake or accident did not amount to the offense of aggravated battery, which requires willful or intentional conduct.

6

## 2. Mistake or accident is a defense to a malicious injury to property charge

The Idaho Supreme Court recently construed the malicious injury to property statute in *State v. Skunkcap*, 157 Idaho 221, 335 P.3d 561 (2014). In relevant portion, the statute states:

> [E]very person who maliciously injures or destroys any real or personal property not his own . . . is guilty of a misdemeanor

I.C. § 18-7001(1). Because the term "maliciously" is not defined in the statute, the Court first considered the general definition of "maliciously" contained in I.C. § 18-101(4).[3] *Skunkcap*, 157 Idaho at 228-30, 335 P.3d at 568-70. The Supreme Court rejected that definition. The general definitions do not apply when a different meaning is "otherwise apparent from the context," and a contrary meaning was apparent. In the Court's view the term "maliciously," as used in the malicious injury to property statute, "indicates that [the statute] is not intended to protect against the merely negligent or accidental injury to property. It obviously requires a different state of mind." *Id.* at 229, 335 P.3d at 569.

Instead of applying the general definition, the Court concluded that "the word 'maliciously' in Idaho Code section 18-7001(1) means an intent to damage the property without a lawful excuse for doing so." *Skunkcap*, 157 Idaho at 229-30, 335 P.3d at 569-70. The Court concluded that the trial court erred by instructing the jury on the general definition of "maliciously" because it would have permitted the jury to convict the defendant where his intention was to elude police (a wrongful act), but he did not act with the intent of injuring the property of another. *Id.* at 230, 335 P.3d at 570.[4]

---

[3]   Idaho Code section 18-101(4) states:

> The words "malice," and "maliciously," import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law.

[4]   In *State v. Skunkcap*, 157 Idaho 221, 230, 335 P.3d 561, 570 (2014), the error was not reversible given the specific facts of that case. There, the jury provided a written annotation on the verdict form indicating the specific act they found to be in violation of the statute, and excluding two other acts that were alleged as violations of the statute. As to the specified act, and only as to the specified act, the Court concluded that the defendant could not have had the intent to elude police because escape was no longer possible. Accordingly, the Court reasoned that because the "Defendant was not attempting to escape when he rammed the detective's vehicle the second time. His intent was simply to cause further damage to the car."

7

### 3.     The other jury instructions did not adequately cover the issue

The jury in this case was given the general definition of "malicious" contained in I.C. § 18-101(4).  The *Skunkcap* decision, which issued after the instructions were given in this case, shows that the *mens rea* instruction is erroneous.  Moreover, prior decisions from this Court show that the instructions were erroneous when given.

In 1993, this Court decided *Nastoff*, 124 Idaho at 668, 862 P.2d at 1090, in which the State presented evidence that the defendant had caused a fire by using an improperly modified chainsaw.  The State presented no evidence that the defendant purposefully caused the fire, but did present evidence that he had intentionally committed a "wrongful act" by knowingly and intentionally using a modified chainsaw.  As in *Skunkcap*, the State relied upon the default definition in I.C. § 18-101.  This Court rejected the argument that "the intent to do *any* wrongful act will constitute the 'malice' supporting a conviction for malicious injury to property." *Nastoff*, 124 Idaho at 669-71, 862 P.2d at 1091-93.  This Court held that a malicious injury to property conviction requires the intent to injure the property.[5]  Therefore, the *mens rea* jury instruction is not only erroneous under *Skunkcap*, it was erroneous when given.[6]

The instruction given in this case precluded the defense Hopkins wished to advance--a defense codified in I.C. § 18-201.  In both *Skunkcap* and *Nastoff*, the defendants essentially conceded that they had acted intentionally, but they denied that their intent was to damage property.  The preclusion of this defense amounted to error.  *Skunkcap*, 157 Idaho at 230, 335 P.3d at 570; *Nastoff*, 124 Idaho at 670, 862 P.2d at 1092.  Conversely, in *Macias*, this Court held that the instruction based upon I.C. § 18-201 could be given to the jury on a closely analogous defense:  the defendant intentionally moved his arm but did not intend to strike or injure the victim.  *Macias*, 142 Idaho at 511, 129 P.3d at 1260.  Accordingly, the Court concludes that (1) accident is a defense to a malicious injury to property charge, because a person is not guilty of the offense if he or she damages property without the intent to do so; (2) this defense was not

---

[5]     We held that, as an alternative, the State could have shown that the defendant was motivated by a wish to vex or annoy.

[6]     The model jury instruction, Idaho Criminal Jury Instruction 1302, cites two cases interpreting the statute and construing the *mens rea* element of the offense.  Those citations provided some indication that the general definition of "maliciously" should not be applied, without further clarification, in every case.  The model jury instruction, at the time of the issuance of this opinion has not been amended to reflect the holding in *Skunkcap*.

adequately explained by the jury instructions that were given in this case; and (3) the requested jury instruction would have informed the jury of this defense. Therefore, the trial court erred by denying Hopkins' request to give the accident instruction, and the district court erred in affirming that decision.

The error was not harmless. The defense presented evidence that Hopkins did not intend damage to the door. Although this evidence was not so overwhelming that it requires reversal on sufficiency grounds, it was enough that the trial court indicated a belief that Hopkins did not intend to damage the wall. Accordingly, this Court cannot say that the error was harmless.

### III.

### CONCLUSION

There was sufficient evidence that a jury could conclude that Hopkins intentionally damaged the wall under proper instructions. However, under the facts of this case Hopkins was entitled to a jury instruction explaining that accidentally damaging the wall would not amount to malicious injury to property. Accordingly, the order of the district court, on intermediate appeal, affirming the magistrate's judgment of conviction is reversed. The case is remanded for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**