**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52161**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 5, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LIBRADO SANTOS SALINAS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Joanne Kibodeaux, Magistrate.

Decision of the district court, on intermediate appeal, affirming the judgment of the magistrate court, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Librado Santos Salinas appeals from the district court's decision, on intermediate appeal, affirming the judgment of the magistrate court. Salinas claims the evidence was insufficient to sustain his conviction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Salinas was charged with misdemeanor malicious injury to property, Idaho Code § 18-7001(1). The charge stemmed from a traffic dispute with another driver, Ms. Hayes. After the parties yelled, gestured, and honked at each other, Hayes drove into a hospital parking lot. Salinas followed and tried to get Hayes to roll down her window. Salinas broke Hayes' side mirror with his hand when she would not roll down her window. Salinas claimed that he did not mean to break

1

the mirror and, instead, contacted the mirror as he raised his hands in frustration. During the trial, Salinas twice moved for judgment of acquittal pursuant to Idaho Criminal Rule 29. Salinas argued the State failed to present sufficient evidence that he intended to damage the mirror. The magistrate court denied the motions. The jury found Salinas guilty. On intermediate appeal, the district court affirmed the judgment of the magistrate court. Salinas appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

"Mindful" of the relevant standards of review, Salinas contends that the district court erred, on intermediate appeal, in affirming the judgment of the magistrate court. Salinas argues that his conviction for malicious injury to property should be vacated because the State failed to present sufficient evidence that he intended to damage Hayes' side mirror. The State argues that Salinas fails to challenge the evidence considered by the district court in reaching its decision or otherwise proffer an argument with authority stating that the evidence considered was insufficient to support the jury's verdict or the magistrate court's denial of his motion for judgment of acquittal.

Idaho Criminal Rule 29 provides that when a guilty verdict is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test, applied when reviewing the district court's ruling on a motion for judgment of acquittal, is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912, 908 P.2d 1211, 1219 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been

2

entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Salinas argues that the district court erred because the State failed to present any evidence of his intent to damage Hayes' vehicle and that, when weighed in the light most favorable to the State, the evidence shows at worst he had only an intent to strike the mirror. A defendant charged with malicious injury to property under I.C. § 18-7001(1) is one who "maliciously injures or destroys any real or personal property not his own." The word "maliciously" in I.C. § 18-7001(1) has been interpreted to mean "an intent to damage the property without a lawful excuse for doing so." *State v. Skunkcap*, 157 Idaho 221, 230, 335 P.3d 561, 570 (2014).

The district court determined that the evidence presented to the jury was sufficient to support a finding of intent. The district court stated that, although Salinas "testified that he did not intend to break the mirror," the "circumstances reasonably [led] to the conclusion that there was an intent to damage the property." The circumstances include the initial yelling, gesturing, and honking at each other; Salinas following Hayes into the hospital parking lot; Salinas approaching Hayes' vehicle while yelling for her to roll down her window; striking and breaking the side mirror of Hayes' vehicle; and, Salinas informing Boise City Police officers that he intended to hit Hayes' side mirror due to frustration with Hayes "for not doing what was right" and putting Salinas in danger.

Direct evidence of intent is not required, and intent may be inferred from circumstantial evidence, including the defendant's acts and conduct. *State v. Hopkins*, 158 Idaho 191, 195, 345 P.3d 250, 254 (Ct. App. 2015). In *Hopkins*, Hopkins became upset at a juvenile court proceeding, exited the courtroom, and pushed the door open such that the doorstop struck the wall and created a large hole in the wall. Hopkins, charged with malicious injury to property, argued that the

3

evidence was insufficient to show that she intended to damage the wall. *Id*. at 193-94, 345 P.3d at 252-53. This Court held that the jury could reasonably have inferred that Hopkins intended to put a hole in the wall by virtue of her conduct, including yelling an expletive and forcefully maneuvering the door. *Id*. at 195, 345 P.3d at 254.

In this case, similar to *Hopkins*, considering the circumstances, Salinas's conduct could "easily be judged out of control and malicious," as the district court found. Salinas has not challenged the evidence admitted at trial, and there was no basis for the district court to substitute an alternative view of the evidence. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Salinas fails to demonstrate that the district court erred in affirming the magistrate court's denial of his motions for judgment of acquittal and judgment of conviction.

**IV.**

**CONCLUSION**

Sufficient evidence supports the finding of malicious intent and Salinas's conviction for malicious injury to property. Therefore, the district court's order, on intermediate appeal, affirming the magistrate court's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.