866 P.2d 181

STATE of Idaho, Plaintiff–Respondent,

v.

Milton R. FOX, Defendant–Appellant.

No. 19778.

Supreme Court of Idaho,
Idaho Falls, April 1993 Term.

Dec. 28, 1993.

Spencer E. Daw, Idaho Falls, for appellant.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

McDEVITT, Chief Justice.

On January 11, 1991, appellant Milton Fox was charged with one count of conspiracy to manufacture a controlled substance and one count of possession of ephedrine, a controlled substance. As far as the Court can tell from the record, Fox ordered and received 100,000 tablets of ephedrine from an out-of-state mail order distributor. According to the Physician's Desk Reference, ephedrine has a stimulative effect on the central nervous system and is used to treat asthma symptoms. In some states, ephedrine is a legal over-the-counter drug. In Idaho, ephedrine was listed as a Schedule II substance in the Uniform Controlled Substances Act in 1988. I.C. § 37–2707(g)(1)(b). Compounds containing ephedrine could be sold over-the-counter until November 1990, when the Idaho Board of Pharmacy designated ephedrine as a prescription drug.

The court dismissed the conspiracy count for lack of proof at the end of the State's case. During the trial on the count of possession, Fox attempted to introduce Defense Exhibits A, B, and C, magazines carrying mail order advertisements for ephedrine from out-of-state suppliers. The State objected to the exhibits as cumulative (apparently the State introduced a magazine with a similar advertisement) and the court sustained the State's objection. The court then held a hearing outside the presence of the jury. During this hearing, the court held that the proffered exhibits were not relevant because knowledge that possession of ephed-rine was illegal was not an element of the offense.

The next day, Fox renewed his argument that the exhibits were relevant. He pointed out that the State's proposed jury instruction required that it prove that "Milton Fox had knowledge of its [i.e. the ephedrine's] presence and nature as a controlled substance." The court responded by ruling that it would not give that instruction, or the similar one which the defense proposed, because these instructions did not accurately state the law.

After that ruling, Fox entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2) which preserved his right to appeal the trial court's rulings. On appeal, Fox states the issues as follows:

> Did the District Court err in holding that intent, general intent or specific intent, 'is not a required element for guilt in possession of a controlled substance' and, further, 'that mistakes of law or fact are not defenses to the crime of possession of a controlled substance[?]'

We will address each contention in turn.

1. **THE MENS REA ELEMENT OF THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE IS KNOWLEDGE OF POSSESSION, NOT KNOWLEDGE THAT THE SUBSTANCE POSSESSED IS A CONTROLLED SUBSTANCE.**

The Uniform Controlled Substances Act, in I.C. § 37–2732(c), states that:

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

The text of the possession statute does not set forth any mental state as an element of the offense. This Court has previously ruled that "whether a criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the

intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial." *State v. Sterrett*, 35 Idaho 580, 583, 207 P. 1071, 1072 (1922).

Fox therefore turns to I.C. § 18–114, which provides that "[i]n every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." Fox argues that this statute means that conviction under the possession statute requires specific intent. The State argues that only a general intent is required. This Court has explained the difference between specific and general intent as follows:

> A general criminal intent requirement is satisfied if it is shown that the defendant knowingly performed the proscribed acts, *State v. Booton*, 85 Idaho 51, 375 P.2d 536 (1962), but a specific intent requirement refers to that state of mind which in part defines the crime and is an element thereof. LaFave and Scott, Criminal Law, Sec. 28, p. 126.

*State v. Gowin*, 97 Idaho 766, 767–68, 554 P.2d 944, 945–46 (1976).

This Court has previously determined, however, that the intent required by I.C. § 18–114 is "not the intent to commit a crime, but is merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act." *State v. Parish*, 79 Idaho 75, 78, 310 P.2d 1082, 1083 (1957), *quoting State v. Taylor*, 59 Idaho 724, 738, 87 P.2d 454, 460–61 (1939).

Fox then argues that a mistake of fact is available to him, pursuant to I.C. § 18–201. Idaho Code § 18–201 provides a defense for "[p]ersons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent." Our review of the record does not support this contention. Fox does not claim that he did not know he possessed ephedrine. His claim is that he did not know ephedrine was illegal. In short, Fox asserts a mistake of law claim rather than a mistake of fact claim.

■ Thus, as I.C. § 37–2732(c) does not expressly require any mental element and I.C. § 18–114 only requires a general intent, we conclude that the offense only requires a general intent, that is, the knowledge that one is in possession of the substance. Consequently, we also conclude that the trial court was correct in refusing Fox's proffered exhibits because any evidence tending to establish Fox's lack of knowledge that ephedrine was illegal is irrelevant. Evidence that is not relevant is not admissible. I.R.E. 402. We also affirm the district court's refusal to give the proposed jury instructions because they were not accurate statements of the law.

## 2. FOX CANNOT CLAIM A GOOD FAITH MISTAKE OF LAW DEFENSE UPON THE RECORD IN THIS CASE.

Fox also argues that a good faith mistake of law excuses his possession of the ephedrine. As far as we can tell, Fox's attempted defense at trial on this issue was that he did not know or reasonably could not have known that ephedrine was a controlled substance.

■ Ignorance of the law is not a defense. *See e.g., Hale v. Morgan*, 22 Cal.3d 388, 149 Cal.Rptr. 375, 380, 584 P.2d 512, 517 (1978) ("[I]n the absence of specific language to the contrary, ignorance of a law is not a defense to a charge of its violation."); *State v. Einhorn*, 213 Kan. 271, 515 P.2d 1036, 1039 (1973) ("The general rule is that ignorance of the law does not disprove criminal intent.") There is no indication in the record, nor is any argument made, that the defendant could not have discovered what substances were listed in the schedules of controlled substances. Ephedrine had in fact been added to the list in 1988, several years prior to Fox's possession of the substance in 1991.

■ This is simply a case where Fox possessed a substance, knowing full well what the substance was, but claiming now that he did not know it was listed in the statutes as a controlled substance. There is nothing in that argument which would rise to the level of a viable defense.

The district court is affirmed.

JOHNSON, TROUT and SILAK, JJ., concur.

BISTLINE, Justice, conceding that the applicable statute is controlling as the State contends, but dissenting from the result.

That the other members of the Court have readily joined an opinion which affirms the trial court is not a great surprise. As the brief prepared in the office of the Attorney General of the State of Idaho informs its readers, the law as presently structured makes it impossible to do other than affirm the trial court; the hands of the trial judge were equally tied. Reluctantly I concede that convicting Fox under I.C. § 37–2732(c) was the correct procedure in this case. I write separately to register my concerns regarding the potential application of I.C. § 37–2732(c) to other Idaho citizens who possess far smaller amounts of ephedrine than did Fox, who purchased this ephedrine validly, but who may subsequently be convicted as felons.

Fox ordered the ephedrine by calling the toll-free number of a national outlet. Apparently, some of the ephedrine advertisements that are available to Idaho citizens contain warnings that the offer is void where prohibited by law, but some do not; ordering from the wrong catalog may therefore be a defendant's biggest mistake. In another potential scenario, an Idaho citizen might travel to another state for business or pleasure, purchase ephedrine while there to alleviate his or her bronchial or other health-related symptoms, and return home again, bearing the ephedrine, only to be possibly convicted under I.C. § 37–2732(c).

Ephedrine is a drug used for medical purposes. Surely persons who make out-of-state purchases of ephedrine for medical reasons pose no more of a threat to Idaho's safety and freedom from drug traffickers than persons who purchase ephedrine pursuant to a valid prescription or practitioner order while in Idaho. The Idaho Legislature is to be commended in its effort to reduce the trade of drugs, but I.C. § 37–2732(c) is truly too blunt an instrument. Moreover, at the least, the statute should provide a defense to Idaho citizens who did not know about the statute, did not comprehend its import, and were not alert enough to see that they should comply, even though they knew naught.

It is often stated that ignorance of the law is no excuse. The responsibility of the legislative branch in drafting the laws that govern society, then, is weighty. A law that imposes a felony for potentially very innocent behavior must be carefully worded; I.C. § 37–2732 is not.