122 P.3d 321

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Leonard Leroy ARMSTRONG, Defendant–Appellant.**

No. 30927.

Court of Appeals of Idaho.

Sept. 30, 2005.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal of a judgment of conviction for possession of methamphetamine rendered on a jury verdict. The principal issue presented is whether the district court cor-

rectly responded to a question from the jury regarding the mental element of the offense.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

During an investigation of another matter, police detectives interviewed Leonard Leroy Armstrong and, seeing track marks on his arms that indicated recent drug use, asked if there was any methamphetamine in the motel room where he was living. Armstrong said there was not, but admitted that there was paraphernalia for injecting it, including needles and a spoon. The police obtained a search warrant and found the paraphernalia, including a cotton ball used for reducing the drug into an injectable liquid. An officer testified that the cotton was still damp when he found it. Laboratory tests on the cotton yielded a small amount of methamphetamine, and the State charged Armstrong with possession of the drug, Idaho Code § 37–2732(c).

A jury trial was conducted, during which the State presented testimony showing the foregoing facts. During deliberations the jury sent the court a note that included the question: "If the defendant thought he did not have any (meth) left does that absolve him of possession?" The court responded: "No. He need only possess it as set forth in the instructions. Whether he possessed it as defined in the instructions is for the Jury to determine." After a guilty verdict was returned, Armstrong filed a motion for a new trial, asserting that the district court had improperly answered the jury's question. The district court denied the motion and imposed a unified sentence of seven years, with a two and one-half year minimum term. Armstrong then filed an Idaho Criminal Rule 35 motion for reduction of the sentence. That motion was also denied. Armstrong appeals, arguing that the district court erred in denying the motion for a new trial because it had improperly answered the jury's question. He also asserts that the district court imposed an excessive sentence and erred in denying the Rule 35 motion.

## II.

## ANALYSIS

### A. Motion for a New Trial

■■■ Idaho law permits a new trial if the court misdirected the jury on a matter of law. I.C. § 19–2406(5). Idaho Criminal Rule 34 outlines the standard that the trial court applies when considering a motion for a new trial, directing that "[t]he court … may grant a new trial to the defendant if required in the interest of justice." Whether the interests of justice require a new trial is a question that is committed to the discretion of the trial court, and its decision will not be disturbed absent a showing of manifest abuse. *State v. Olin,* 103 Idaho 391, 648 P.2d 203 (1982). In this case, the new trial motion turned upon the propriety of a jury instruction, a matter on which this Court exercises free review. *Kirk v. Ford Motor Co.,* 141 Idaho 697, 701, 116 P.3d 27, 31 (2005); *Ricketts v. E. Idaho Equip. Co.,* 137 Idaho 578, 581, 51 P.3d 392, 395 (2002). If the instructions taken as a whole, and not individually, fairly and adequately present the issues, state the applicable law, and do not mislead the jury or prejudice a party, then there is no reversible error. *Clark v. Klein,* 137 Idaho 154, 159, 45 P.3d 810, 815 (2002); *Silver Creek Computers, Inc. v. Petra,* 136 Idaho 879, 882, 42 P.3d 672, 675 (2002).

■■■ In order to secure a conviction for possession of methamphetamine in violation of I.C. § 37–2732(c), the State must prove that the defendant *knowingly* possessed the controlled substance, i.e., that the defendant had knowledge of the presence of a drug. *State v. Blake,* 133 Idaho 237, 241–42, 985 P.2d 117, 121–22 (1999); *State v. Fox,* 124 Idaho 924, 926, 866 P.2d 181, 183 (1993); *State v. Groce,* 133 Idaho 144, 151, 983 P.2d 217, 224 (Ct.App.1999). Thus, the defendant's ignorance of the presence of the substance, or mistaken belief that it was an innocuous material, if believed by the jury, would be exculpatory. I.C. § 18–201(1).[1]

1. Idaho Code § 18–201 provides in pertinent part:

All persons are capable of committing crimes, except those belonging to the following

For example, one who truly believed that the powdery substance in a package was a harmless item, such as sugar, could not be convicted of possession. *Blake,* 133 Idaho at 242, 985 P.2d at 122. The requisite knowledge of the presence of a controlled substance may be proved by direct evidence or may be inferred from the circumstances. *Id.; State v. Kopsa,* 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct.App.1994).

▆ In this case, there was some evidence that Armstrong mistakenly believed that he did not have any methamphetamine left in the cotton ball at the time it was seized, and the jury asked whether this mistake would absolve him of guilt. The court's response referred the jury to the definition of possession "set forth in the instructions." The "instructions" referenced in this response were the previously given instructions 13 through 15, which directed the jury as follows:

Instruction No. 13:

In order for the defendant to be guilty of Possession of a Controlled Substance, the State must prove each of the following: (1) On or about January 29, 2003; (2) in the State of Idaho; (3) the defendant, Leonard Leroy Armstrong, possessed methamphetamine; and (4) the defendant knew it was methamphetamine or believed it to be another controlled substance. If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

Instruction No. 14:

A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.

Instruction No. 15:

Under Idaho law any quantity of methamphetamine even a trace amount satisfies the requirement of possession.

▆ Taken as a whole, these three instructions and the court's response to the jury's

question indicate that Armstrong's mistaken belief that he was out of drugs would not absolve him of guilt if he earlier (on or about the date alleged in the information) knew of and controlled that same bit of methamphetamine as part of a larger quantity that he was using. This is a correct statement of the law. Even if Armstrong genuinely believed that there was no methamphetamine left in the cotton when it was seized by police, he still would have been guilty if a few minutes or a few hours earlier he knowingly possessed the same methamphetamine that was eventually found in the cotton ball. If all of the elements of the charged offense were proved to have occurred on or about the date alleged, the later mistaken belief would not annul the earlier knowing possession.

A case from Missouri, *State v. Smith,* 808 S.W.2d 24 (Mo.Ct.App.1991), is instructive on this point. As in Idaho, an element of the offense under Missouri law was knowledge of the presence of the drug. *Id.* at 25. In that case, police discovered a syringe in the defendant's pocket. The defendant said that it was empty, but forensic analysis revealed traces of cocaine inside. The Missouri court rejected the defendant's argument that he didn't have knowledge of the cocaine's presence because it was only 'left over' in the syringe. Citing evidence that the defendant had used the syringe to inject cocaine earlier on the day of his arrest, the court held his mistaken belief that he had used all of the cocaine in the syringe did not deprive him of the requisite knowledge for possession. *Id.* at 26.

There is a clear difference between this type of mistaken belief that the entirety of a substance has been consumed and the mistaken belief that a powdery substance is sugar or ignorance that there had ever been drugs in the container where a trace is found. In the latter circumstances, the prosecution could not prove knowing possession *at any time.* In contrast, while Armstrong's alleged mistaken belief would absolve him of knowing possession of the trace of drugs in the cotton ball *at the instant it was seized,* it

---

classes:
 1. Persons who committed the act or made the omission charge, under an ignorance or

mistake of fact which disproved any criminal intent.

would not absolve him of knowing possession of that same trace of methamphetamine when it was a part of a larger whole at some other time on or about the day in question. Here, the jury's question to the court hypothesized this sort of sequence of possession of a larger amount followed by use which left only a trace amount, when the question referred to the defendant's belief that "he did not have any (meth) *left.*"

Although the court's response could perhaps have been more precise by stating that the defendant need only have knowingly possessed the drug on or about the date alleged, we conclude that the response given here was not incorrect or misleading when the instructions are taken as a whole. Therefore, it was not error for the trial court to deny Armstrong's motion for a new trial.

## B. Sentence

We next consider Armstrong's argument that his sentence is excessive. The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing, shows that his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In reviewing a sentence, we treat the minimum term specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct. App.1989).

A motion under I.C.R. 35 to reduce a legal sentence imposed in a lawful manner is essentially a plea for leniency which is addressed to the sound discretion of the sentencing court. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). On appeal from a denial of a Rule 35 motion, we determine whether the trial court abused its discretion, applying the same criteria that are used in reviewing the reasonableness of the original sentence. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987).

Armstrong had a record of many prior convictions for possession of controlled substances and possession of paraphernalia as well as other crimes. He had a history of failed probations and failed treatment opportunities. The sentencing court explained that it was imposing a minimum term of two and one-half years because that time period would permit Armstrong to complete a prison drug rehabilitation program. On this record, we find no abuse of discretion either in the court's initial imposition of sentence or in its denial of Armstrong's Rule 35 motion.

## III.

## CONCLUSION

The jury instructions as a whole, including the court's response to a question from the jury, were not inaccurate or misleading, and Armstrong has shown no abuse of discretion with respect to his sentence. Therefore, the judgment of conviction and sentence, and the order denying Armstrong's motion for reduction of the sentence, are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.