IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38698

| ARMANDO KETO ARAMBULA, | ) | 2012 Unpublished Opinion No. 639 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 18, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Armando Keto Arambula, St. Anthony, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

This is an appeal from the district court's summary dismissal of an application for post-conviction relief.  We are asked to determine whether the allegations contained in the application were sufficient to entitle the applicant to an evidentiary hearing.  For the reasons given below, we affirm.

## I.

## PROCEDURAL BACKGROUND

Armando Keto Arambula pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732.  This was in violation of his parole stemming from an earlier offense.  For the controlled substance charge, Arambula was sentenced to two (2) years fixed with five (5) years indeterminate for a unified term of seven (7) years.  No appeal from the judgment was filed.

Arambula filed a petition for post-conviction relief seeking to overturn the conviction on grounds of an unconstitutionally vague statute, various claims of ineffective assistance of

1

counsel, and a claim that the district court erred in refusing to provide him alternate counsel. The State filed a motion for summary dismissal of the application, which the court granted. Arambula appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district

court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if

true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## III.

## ANALYSIS

### A.      Unconstitutionally Vague Statute

In his post-conviction relief application, Arambula argues that the statute under which he was convicted, I.C. § 37-2732, is unconstitutionally vague because it does not specify a particular amount of controlled substance required to meet the possession threshold. Summary dismissal of this claim was appropriate because this challenge to the constitutionality of the statute was waived by Arambula's guilty plea. A valid guilty plea, voluntarily and understandingly given, waives all non-jurisdictional defenses, whether constitutional or statutory. *State v. Heredia*, 144 Idaho 95, 97, 156 P. 3d 1193, 1195 (2007); *Clark v. State*, 92 Idaho 827, 832, 452 P. 2d 54, 59 (1969).

Moreover, this claim is plainly unsupportable on the merits. A statute is unconstitutionally vague or ambiguous only if people of common intelligence have to guess at its meaning or may differ as to its application. *Haw v. Idaho State Bd. of Medicine*, 140 Idaho 152, 157, 90 P. 3d 902, 907 (2004). The statute at issue here, Idaho Code § 37-2732, states that, ". . . it is unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance." Because the statute states no minimum quantity that can be legally possessed, the plain language of the statute makes it illegal to possess *any quantity* of this controlled substance. Accordingly, Idaho courts have held that even a trace amount of a controlled substance satisfies the possession requirement under Idaho Code § 37-2732. I.C. § 37-2707; *State v. Armstrong*, 142 Idaho 62, 65, 122 P.3d 321, 324 (Ct. App. 2005). Therefore, Arambula's vagueness claim fails.

### B.      Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct.

4

App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

1. **Failure to file a suppression motion and provide necessary services to indigent defendant**

Arambula asserts that his appointed counsel should have obtained an independent test of the scale upon which the methamphetamine was found because the initial field test of the scale, which was conducted by an officer at Arambula's residence, came back negative. After the scale was re-tested at the police station, a positive result for methamphetamine was found. The State presented evidence at trial to show the field test came back negative because the officer missed the substance when he initially swabbed the surface of the scale.

Arambula claims if his counsel had obtained an independent test of the scale, his counsel would have then been able to file a motion to suppress the State's test. He contends this failure also denied him the right "to be provided with the necessary services and facilities of representation (including investigation and other preparation)" pursuant to I.C. § 19-852. These claims were properly dismissed as conclusory allegations unsupported by admissible evidence. Arambula has provided no evidence that there was no substance on the scale and that consequently, had it been re-tested, it would have tested negative. With no evidence that a second examination of the scale would produce a result beneficial to the defendant, Arambula has not supported his contention that he was prejudiced by his counsel's failure to obtain an independent test.

5

Further, even if Arambula's counsel had obtained a second test and it showed no presence of illegal drugs, a suppression of the State's test would not naturally follow. In a post-conviction proceeding where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Arambula's requested second test (whether positive or negative) would not have precluded the State from presenting evidence of its test. Two conflicting test results would merely have created a factual issue for the jury. Thus, Arambula provides no basis for filing a suppression motion and has shown no deficient performance of his counsel in that regard.

### 2. Failure to adequately cross-examine witness

Arambula next alleges that his counsel failed to adequately cross-examine the State's witness, Detective Ken Rivers, at the preliminary hearing. Whether and how to cross-examine a witness is a strategic decision for counsel. As stated above, strategic decisions by counsel will generally not be scrutinized unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263. "The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). Here, the transcript of the preliminary hearing shows that defense counsel did cross-examine Detective Rivers concerning the result of the field narcotics test. Arambula has not shown that there were any deficiencies in this cross-examination that were based on inadequate preparation, ignorance of the law, or other shortcomings. He has not made a prima facie showing counsel's cross-examination technique fell below an objective standard of reasonableness, and thus the district court did not err in its summary dismissal of this claim.

### 3. Failure to address chain of custody

Arambula next asserts that a Twin Falls Police Department document that appears to record the chain of custody of the digital scale found in Arambula's possession was vague in the sense that it included the initials "UPS" on one of the signature lines, rather than an actual

6

name.[1]  Arambula gives no explanation as to what his counsel should have done regarding this document or other chain of custody evidence.  He may be implying that the testing on the scale could have been excluded from evidence because the document was "vaguely written."  However, if Arambula had gone to trial, the document in question would not have been the sole evidence of the chain of custody.  The handling of the scale and each entry in the document could have been explained in detail through testimony of the officers and laboratory personnel.  The State would not have been precluded from presenting evidence explaining the identity of the persons whose initials are listed on the chain of custody document.  Thus, with no evidence showing ineffectiveness of counsel, the district court correctly dismissed this claim.

## C.    Refusal to Appoint Alternate Counsel

Arambula lastly asserts that the district court erred by refusing to provide alternate counsel for him after he repeatedly requested it.  Arambula desired a different attorney because he alleges his defense counsel was not conducting the defense as Arambula wished.  A claim of trial court error is not a proper claim for a post-conviction action, for Arambula either waived this claim by pleading guilty or could have raised it on appeal from his judgment of conviction.  *See* I.C. § 19-4901(b) ("This remedy is not a substitute for . . . an appeal from the sentence or conviction.").

Moreover, this claim fails on the merits.  Although indigent defendants have the right to court-appointed counsel, *Gideon v. Wainwright*, 372 U.S. 335, 339-40 (1963); *Pharris v. State*, 91 Idaho 456, 458, 424 P.2d 390, 392 (1967), this right does not necessarily mean a right to the attorney of one's choice, *State v. Clark*, 115 Idaho 1056, 1058, 772 P.2d 263, 265 (Ct. App. 1989); *State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct. App. 1988), *affirmed*, 116 Idaho 190, 192, 774 P.2d 900, 902 (1989), and mere lack of confidence in otherwise competent counsel is not grounds for substitute counsel in the absence of extraordinary circumstances. *State v. McCabe*, 101 Idaho 727, 729, 620 P.2d 300, 302 (1980).

For good cause a trial court may, in its discretion, appoint a substitute attorney for an indigent defendant.  I.C. § 19-856; *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980).  Good cause includes an actual conflict of interest; a complete, irrevocable breakdown of

---

[1]    We note that in all likelihood, the "UPS" initials listed on the document are referring to the United Parcel Service, as the shipping company that transported the scale to and from the testing laboratory, not the initials of one of the handlers.

communication; or an irreconcilable conflict which leads to an apparently unjust verdict. *See Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991); *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir. 1981).

Arambula has demonstrated none of these. Instead, he complains that his lawyer did not conduct his defense in the manner that Arambula desired. He reiterates his dissatisfaction with counsel concerning the lack of independent tests of the scale, inadequate cross-examination, and failure to address the chain of custody document. As discussed above, however, Arambula has shown no deficiency of his attorney regarding these matters. Arambula's argument that he was entitled to substitute counsel is predicated upon an incorrect assumption that the accused has a right to make all decisions concerning his defense. While some decisions ultimately rest with the defendant, others are ultimately for defense counsel. The decisions to be made by the accused, after consultation with counsel, include: what pleas to enter, whether to accept a plea agreement, whether to waive jury trial, whether to testify in his or her own behalf, and whether to appeal. ABA STDS. FOR CRIM. J.: PROSECUTION AND DEFENSE FUNCTION, 4-5.2(a) (3d ed. 1993). Arambula does not assert that he was denied the right to make any of the above decisions. Rather, he argues that the tactical decisions made by his counsel did not meet his satisfaction. Strategic and tactical decisions, including how to conduct cross-examination, what motions should be made, and what evidence should be introduced are reserved for defense counsel. *Id. See also Jones v. Barnes*, 463 U.S. 745, 751 (1983).

The district judge properly concluded after hearing Arambula's concerns that the appointment of a new attorney was not necessary.

## IV.
### CONCLUSION

For the reasons stated above, Arambula has not shown that the district court erred in summarily dismissing his petition. Therefore, the judgment summarily dismissing Arambula's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**