IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42877

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 542** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 18, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SILVANNA FINNERTY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Silvanna Finnerty appeals from her judgment of conviction for possession of a controlled substance, methamphetamine. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Finnerty was charged with possession of a controlled substance, methamphetamine. Evidence presented at a bench trial demonstrated Finnerty was stopped for failing to maintain her lane of travel. Finnerty was the sole occupant of the vehicle. Upon approaching the vehicle, the officer testified he thought Finnerty was impaired based on her sluggish response to a request for her driver's license. Finnerty testified she had taken prescription medications that day and admitted she should not have been driving. Shortly after the stop, a second officer arrived at the scene. Both officers testified that they detected the odor of burnt marijuana coming from the vehicle. Finnerty told the officers a friend had smoked marijuana in Finnerty's car earlier in the

1

day. Based on the odor of burnt marijuana, one officer performed a field sobriety test on Finnerty and the other officer searched Finnerty's vehicle. The search of Finnerty's vehicle yielded a canister containing methamphetamine, which the officer testified "stood out" on the passenger side floorboard. Finnerty testified that she knew nothing about the methamphetamine. When asked who the methamphetamine belonged to, Finnerty testified, "I don't know. I can't see on the other side. I can't see at all at night, someone comes to my car." Finnerty testified she had owned the vehicle since 2012. Finnerty testified her statement to the officers that a friend had smoked marijuana in the vehicle earlier in the day was a joke. The district court found Finnerty guilty of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified three-year sentence, with one year determinate, suspended the sentence, and placed Finnerty on probation for two years. Finnerty appeals.

## II.

## ANALYSIS

Finnerty argues there was insufficient evidence presented at the bench trial for a reasonable trier of fact to find the State met its burden of proving Finnerty knowingly possessed methamphetamine. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 37-2732(c) provides, generally, that "it is unlawful for any person to possess a controlled substance." Possession of a schedule II controlled substance, such as methamphetamine, is a felony. I.C. § 37-2732(c)(1). In order to secure a conviction for possession of methamphetamine in violation of I.C. § 37-2732(c), the State must prove the defendant knowingly possessed the controlled substance. *State v. Armstrong*, 142 Idaho 62, 64,

2

122 P.3d 321, 323 (Ct. App. 2005). The requisite knowledge of the presence of a controlled substance may be proven by direct evidence or may be inferred from the circumstances. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999); *State v. Kopsa*, 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct. App. 1994). Control of the premises in which the drugs are found can be used to infer knowledge. *See State v. Warden*, 97 Idaho 752, 754, 554 P.2d 684, 686 (1976) (stating that evidence that a defendant has a possessory interest in premises where drugs are found has often been held to establish possession of a controlled substance).

In this case, the district court found Finnerty had possession of methamphetamine under I.C. § 37-2732(c)(1) based on testimony that she owned the vehicle, she was the only occupant of the vehicle at the time of the stop, and the canister of methamphetamine was easy to see on the passenger side floor of her vehicle. At trial, the district court heard testimony from the officers involved in the stop and Finnerty. One officer testified Finnerty appeared impaired during the course of the traffic stop. Both the initial officer and the second officer testified they smelled burnt marijuana coming from Finnerty's vehicle. The second officer testified his search of Finnerty's vehicle yielded a small canister of methamphetamine that was easily seen on the passenger side door. Conversely, Finnerty testified the second officer was not at the scene. Further, Finnerty testified she knew nothing of the methamphetamine and could not see at night. Finnerty also testified that she was the only occupant of the vehicle at the time of the stop, had owned the vehicle since 2012, and was joking when she told the officers a friend had smoked marijuana in Finnerty's vehicle earlier in the day.

A reasonable trier of fact could conclude that Finnerty's sole occupancy and ownership of the vehicle indicated she knew of the presence of the methamphetamine. Therefore, there was sufficient evidence for a reasonable trier of fact to find the State proved beyond a reasonable doubt that Finnerty knowingly possessed methamphetamine.

## III.

## CONCLUSION

We hold there was sufficient evidence for a reasonable trier of fact to find the State proved beyond a reasonable doubt that Finnerty knowingly possessed methamphetamine. Accordingly, Finnerty's judgment of conviction for possession of a controlled substance, methamphetamine, is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

3