# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43514

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 815 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 9, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CRAIG ANTHONY WILLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Craig Anthony Willey appeals from his judgment of conviction entered after a jury found him guilty of possession of a controlled substance, methamphetamine. Willey argues the district court erred in denying his request for a mistake of fact instruction under Idaho Criminal Jury Instruction 1510 because Willey's defense at trial was that he did not know the glass pipes he possessed contained methamphetamine. The State argues Willey's proposed instruction was adequately covered by given instructions, and the district court correctly concluded it applied only to specific intent crimes. Further, the State argues even if the district court erred by not giving Willey's proposed instruction, such error was harmless. We hold the district court did not err in declining to give Willey's proposed instruction.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped Willey for having a taillight out on the passenger side of his vehicle. Willey got out of the vehicle and the officer showed Willey the taillight that was out. The officer testified, "[Willey's] hands were going in and out of his sleeve, his right hand was. He--the fingers were fidgety. He had a little sweat on his forehead." The officer also testified Willey's speech was "a little fast for what I'm used to" and that Willey "kept looking around. His eyes would dart to me and then look over this way and then look over there." The officer requested Willey return to his vehicle because Willey "appeared nervous like there--fidgeting, possibly under the influence of something." The officer then returned to his patrol vehicle and requested a backup officer.

While the officer called for backup, Willey exited his vehicle and ran away from the officer. The officer pursued Willey and yelled, "Stop" and told Willey "he'd get Tased." The officer noticed as Willey was running his hands were up toward the front of his waistband area. Willey attempted to jump a fence and the officer ordered Willey "to get on the ground." Willey refused and the officer deployed his Taser. Thereafter, the officer handcuffed Wiley as the backup officer arrived.

The first officer searched Willey and discovered two glass pipes in his pockets. One pipe had a bulb on one end and was partially broken. The officer testified the pipe with the bulb had "a streak of residue in it, but not very much. It looked pretty clean." The second pipe was a "long, straight glass tube and it had a black and sort of white residue in it." One of the glass pipes tested positive for methamphetamine.

The State charged Willey with possession of a controlled substance, methamphetamine, Idaho Code Section 37-2732(c)(1), and the following misdemeanors: driving without privileges, I.C. § 18-8001; obstructing and/or resisting an officer, I.C. § 18-705; and possession of drug paraphernalia, I.C. § 37-2734A. Willey pleaded not guilty and the case was set for trial.

Prior to trial, the State filed a motion to dismiss the charge of driving without privileges; the court granted the motion. At trial on the remaining charges, Willey testified he was on felony probation in Oregon and not allowed to leave Oregon, but he decided to help friends move to Idaho. Willey is a self-employed tattoo artist and glass artist. Willey testified that approximately one day before his arrest in Idaho, he obtained the glass pipes in Oregon with the

2

intent of re-blowing the glass. Willey explained, "I'm an artist and I blow glass. I do make glass roses and everything else. I don't just make paraphernalia." Willey testified he did not use these specific glass pipes for methamphetamine. He attempted to clean the pipes and "thought it was all cleaned out."

Willey's trial counsel requested the district court to instruct the jury pursuant to Idaho Criminal Jury Instruction 1510, which provides:

> For the defendant to be guilty of [name of offense], the state must prove the defendant had a particular intent. Evidence was offered that at the time of the alleged offense the defendant [was ignorant of] [or] [mistakenly believed] certain facts. You should consider such evidence in determining whether the defendant had the required intent.
>
> If from all the evidence you have a reasonable doubt whether the defendant had such intent, you must find the defendant not guilty.

To support giving ICJI 1510, Willey's trial counsel relied upon *State v. Armstrong*, 142 Idaho 62, 122 P.3d 321 (Ct. App. 2005). The district court denied the request to instruct the jury on ICJI 1510, explaining:

> I'm not giving the proposed jury instruction, [ICJI] 1510, because that jury instruction is designed for the situation where it is a specific intent crime. The-- what the--the possession of a controlled substance has been ruled over and over and over again that it is a general intent, and therefore, the general intent instruction is the appropriate one.
>
> *Anderson*[1] really doesn't stand for the proposition that 1510 is an appropriate jury instruction. What it stands for is that the State--and this has been the law for quite some time--the State is--must prove beyond a reasonable doubt that, in fact, the defendant knew what it was that he possessed or that it was a controlled substance. That's what it really stands for. And that--and they also ruled that the jury instructions, the very same jury instructions that we are using here, was--they were sufficient to explain to the jury that it was, in fact, the burden on the State to prove beyond a reasonable doubt. Knowledge is an element of the crime. So I'm not going to give it.

The jury found Willey guilty of felony possession of a controlled substance, methamphetamine, and the misdemeanors of obstructing and/or resisting an officer and possession of drug paraphernalia. The district court sentenced Willey to a unified sentence of four years, with two years determinate, for felony possession of a controlled substance, methamphetamine. For the misdemeanors of obstructing and/or resisting an officer and

---

[1] The district court incorrectly referred to "*Anderson*" when it meant to reference *State v. Armstrong*, 142 Idaho 62, 122 P.3d 321 (Ct. App. 2005). The district court acknowledged its error and clarified that it was referring to *Armstrong*.

3

possession of drug paraphernalia, the district court sentenced Willey to 210 days for each count, to be served concurrently, with credit for time served. Willey timely appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

## III.

## ANALYSIS

On appeal, Willey argues he is entitled to a mistake of fact defense instruction pursuant to ICJI 1510. Willey argues the district court erred in denying Willey's proposed instruction because "a reasonable view of the evidence in the case would support the mistake of fact defense theory articulated in the purposed [sic] instruction." Willey also argues the district court erred when it concluded ICJI 1510 is limited in its application to specific intent crimes and is inapplicable in this case because possession of a controlled substance is a general intent crime. The State argues the instructions taken as a whole adequately covered Willey's proposed mistake of fact instruction, and the district court correctly concluded ICJI 1510 is limited to specific intent crimes. Even if the district court erred by not instructing the jury pursuant to ICJI 1510, the State contends such error was harmless.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. *State v. Weeks*, 160 Idaho, 195, 198, 370 P.3d 398, 401 (Ct. App. 2016). However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *Weeks*, 160 Idaho at 198, 370 P.3d at 401.

4

The issue in this case is whether the given jury instructions adequately addressed Willey's mistake of fact defense. The statutory basis for a defense based upon mistake of fact is I.C. § 18-201, which provides that persons who committed the act or made the omission charged under an ignorance or mistake of fact which disproves any criminal intent are not capable of committing crimes. Although the crime of possession of a controlled substance pursuant to I.C. § 37-2732(c) does not expressly require a mental element, I.C. § 18-114 provides that "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." The Court has explained "that the intent required by I.C. § 18-114 is not the intent to commit a crime, but is merely the intent to knowingly perform" the prohibited act. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993) (quoting *State v. Parish*, 79 Idaho 75, 78, 310 P.2d 1082, 1083 (1957). "[A]s I.C. § 37-2732(c) does not expressly require any mental element and I.C. § 18-114 only requires a general intent, we conclude that the offense only requires a general intent, that is, the knowledge that one is in possession of the substance." *Fox*, 124 Idaho at 926, 866 P.2d at 183. The requisite knowledge of the presence of a controlled substance may be proved by direct evidence or may be inferred from the circumstances. *State v. Armstrong*, 142 Idaho 62, 65, 122 P.3d 321, 324 (Ct. App. 2005).

In this case, there was some evidence that Willey mistakenly believed methamphetamine was not present in the glass pipes. As noted above, Willey testified he obtained the pipes with the intention of re-blowing the glass and did not use these specific pipes for methamphetamine. Willey also testified he attempted to clean the pipes and "thought it was all cleaned out." The district court instructed the jury as follows:

Instruction No. 13:

In every crime or public offense there must exist a union or joint operation of act and intent.

Instruction No. 14:

In order for the defendant to be guilty of Possession of a Controlled Substance, as charged in Count I of the Information, the state must prove each of the following:

1. On or about 13th day of December 2014

2. in the state of Idaho

3. the defendant CRAIG ANTHONY WILLEY possessed any amount of methamphetamine and

4. the defendant knew it was methamphetamine or a controlled substance.

5

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Instruction No. 16:

A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.

Taken as a whole, the given jury instructions adequately covered Willey's proposed mistake of fact instruction. Willey requested the court instruct the jury to consider Willey's testimony that he mistakenly believed he cleaned all of the methamphetamine out of the glass pipes when it determined whether Willey had the required intent to possess methamphetamine under I.C. § 37-2732(c). As noted above, the required intent under I.C. § 37-2732(c) is the defendant's knowledge that he is in possession of methamphetamine. The jury was instructed to consider all the evidence presented, which included Willey's testimony that he mistakenly believed certain facts--that the pipes did not contain any residual controlled substance. In order for the jury to find Willey guilty, it was necessary for the jury to consider Willey's testimony regarding his mistaken belief to determine whether Willey knowingly possessed methamphetamine. Moreover, the jury had to specifically reject Willey's mistake of fact defense in order to find Willey guilty beyond a reasonable doubt of this element. As such, the given instructions adequately covered Willey's proposed mistake of fact instruction, and the district court did not err in declining to give Willey's proposed mistake of fact instruction. Given this holding, we need not address Willey's argument that ICJI 1510 is not limited to specific intent crimes, nor do we need to address the State's harmless error argument.

## IV.

## CONCLUSION

For the reasons set forth above, we hold the district court did not err in declining to give Willey's proposed mistake of fact jury instruction because the given jury instructions adequately addressed Willey's mistake of fact defense. Thus, we affirm Willey's judgment of conviction.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

6