# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50276

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 8, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| THOMAS J. LINDGREN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Thomas J. Lindgren appeals from his judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Lindgren was pulled over for driving erratically. When the officer made contact with Lindgren, the officer smelled the odor of marijuana coming from the vehicle. Lindgren admitted to the officer that he had "a roach"[1] in his vehicle and provided it to the officer. The officer subsequently searched Lindgren's vehicle and found a wallet under the center console that

---

[1] A roach is slang term that refers to the butt of a marijuana cigarette.

1

included a financial transaction card with Lindgren's name on it and a small plastic bag of methamphetamine. Lindgren admitted to the officer that the wallet was his and that he used the financial transaction card earlier in the day, but he denied knowledge of the bag containing methamphetamine. When the officer asked what the plastic bag was, Lindgren responded, "I have no idea." The search of Lindgren's vehicle also revealed a lunchbox that contained marijuana and drug paraphernalia. Lindgren was arrested and transported to jail. During the booking process, Lindgren admitted he smoked methamphetamine the night before and that the methamphetamine in his wallet could have been left over from the night before. The State charged Lindgren with felony possession of a controlled substance. I.C. § 37-2732(c)(1). [2]

At trial, Lindgren testified that he used methamphetamine the night before his arrest with his roommate and another individual. He further testified that his roommate had the plastic bag of methamphetamine at the time and that he did not know how the bag got into his wallet but that his roommate might have put it there. A jury found Lindgren guilty. Lindgren appeals.

## II.

### STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

---

[2] Lindgren was also charged with and found guilty of misdemeanor possession of a controlled substance and possession of drug paraphernalia. However, Lindgren does not challenge those judgments of conviction on appeal.

## III.

## ANALYSIS

Lindgren argues that the State presented insufficient evidence to support the jury's verdict finding him guilty of knowingly possessing methamphetamine. The State responds that Lindgren's argument fails because there was sufficient evidence to prove the essential elements of the charge beyond a reasonable doubt. We hold that Lindgren has failed to show there was insufficient evidence to support the jury's verdict finding him guilty of possession of a controlled substance.

Substantial evidence may exist when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). Even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

To find Lindgren guilty, the jury had to conclude, beyond a reasonable doubt, that Lindgren knowingly possessed the bag of methamphetamine found in his wallet. *See State v. Armstrong*, 142 Idaho 62, 64, 122 P.3d 321, 323 (Ct. App. 2005). The wallet was under the center console of his vehicle. Lindgren admitted the wallet that contained the methamphetamine belonged to him. Lindgren's financial transaction card was also in the wallet directly behind the bag of methamphetamine, and Lindgren admitted to using the financial transaction card earlier on the day of his arrest. In addition, during the booking process, Lindgren admitted smoking methamphetamine the night before his arrest and stated that the methamphetamine in his wallet may have been "left over from the night before."

The foregoing evidence, when considered in light most favorable to the prosecution, gives rise to a reasonable inference that Lindgren had knowledge of the bag of methamphetamine found in his wallet. Lindgren has failed to show there was insufficient evidence to support the jury's verdict finding him guilty of felony possession of a controlled substance.

3

## IV.

## CONCLUSION

There is sufficient evidence in the record to support the jury's verdict finding Lindgren knowingly possessed the bag of methamphetamine found in his wallet. Accordingly, Lindgren's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.